# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1901.

96   549
a194s 552

### Harry L. Ide et al. v. Caroline Fratcher, Adm'x, etc.

1. EVIDENCE—*As to the Condition of Emery Wheels in Foundries.*—In an action for personal injuries alleged to have resulted from the bursting of an emery wheel in a foundry under the declaration in this case, evidence that the wheel had no shield or guard upon it was proper merely as descriptive, if for no other purpose.

2. PRACTICE—*Estoppel to Object to the Admission of Evidence.*—When a party to a suit objects to the admission of certain testimony and it has been excluded by the court, and subsequently, upon cross-examination, and also with his own witnesses, goes into the same subject himself, he will not be in a position to complain of the admission of such testimony in behalf of his adversary.

3. INSTRUCTIONS—*Negligence of the Master Not One of the Risks Assumed by the Servant.*—In an action for damages resulting from the death of an employe, an instruction which informs the jury, merely, that if the deceased was killed in consequence of the defendant's negligence as charged in the declaration, and that the deceased was at the time in the use of due care for his own safety their verdict should be against the defendant, is not erroneous.

4. NEGLIGENCE—*Of the Master, Not One of the Risks Assumed by the Servant.*—The negligence of the master is not one of the risks assumed by the servant where the question of the negligence of a fellow-servant does not arise in the case.

5. QUESTIONS OF FACT—*Condition of Appliances.*—The question as to whether an emery wheel used in a foundry was defective before and at the time of its bursting, is one of fact for the determination of the jury.

6. APPELLATE COURT PRACTICE—*Verdicts upon Conflicting Evidence.*—It is a familiar rule of law that in case of the determination, by a jury, of a question submitted to them upon conflicting evidence, an

(549)

appellate tribunal will not, in the absence of prejudicial rulings by the trial court upon the admission or rejection of evidence or in giving instructions, disturb the verdict upon the ground that it is not supported by the evidence in the case.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

HENRY B. BALE, S. H. CUMMINS, and COX, HELDMAN & SHORTLE, attorneys for appellants.

JAMES M. GRAHAM, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by the appellee in case against appellants for causing the death of August Fratcher by wrongful act, neglect or default. The declaration contains two counts, each of which, in substance, charge that the deceased was employed in appellant's machine shop as a machinist's helper; that an emery wheel was in use in the shop and to accomplish the purposes of its use it was necessary that it revolve at a high rate of speed, 1500 revolutions per minute; the wheel was without shield, guard or hood to prevent the pieces flying off in case it broke when revolving, as in the exercise of due care by defendants it should have been; that the wheel was carelessly and negligently placed and maintained without having such guard, hood or protection, run at a high rate of speed, the same being then cracked and defective, in consequence of which, while the deceased was crossing the shop with due care, in the line of his duty, the wheel, when so running at high speed, burst and broke in pieces, because of such defective condition, and the pieces thereof were thrown with great force and one of them struck and killed Fratcher. To the declaration defendants pleaded the general issue, and a trial by jury of the issues thus formed resulted in a verdict of guilty, with damages assessed at $2,500, and the court, after overruling appellant's motion for a new trial, gave judgment against appellants for the damages so assessed, from which

Ide v. Fratcher.

this appeal is prosecuted, and to effect a reversal of such judgment it is argued the court admitted improper evidence, gave improper instructions, and the verdict is against the law and the evidence. Under the point that the court admitted improper evidence it is argued that it was not competent to show that there was in general use a device to protect and shield the wheel while in revolution.

The court did at first admit such evidence over the objection of appellants, but subsequently sustained the objection and excluded all the evidence upon that point from the consideration of the jury so far as it had been introduced by the appellee. After this, appellants, upon cross-examination of some of appellee's witnesses, and with their own witnesses, went into this subject, but at no subsequent time did appellee offer evidence touching this point, except to show there was no guard or shield upon the wheel in question, and about this there was no dispute. It was proper under the declaration for appellee to show, as it did, that the wheel that burst had no shield or guard upon it. This was proper merely as descriptive, if for no other purpose. If appellants themselves then went into the subject of a device in general use as a protection to wheels of this kind, they can not complain that the court permitted them to do so. Appellants are in no position to object or except to that which they produce themselves.

It is objected to the first instruction given on the part of the plaintiff that it takes from the jury the consideration of whether the injury was not the result of the ordinary risks assumed by the deceased when he entered the service of appellants, and also the negligence of his fellow-servants. We do not believe the instruction is subject to the criticism. The instruction informs the jury, merely, that if the deceased was killed in consequence of appellant's negligence as charged in the declaration, and that he was then in the use of due care for his own safety, then the verdict should be against appellants. The negligence of the master is not one of the risks assumed by the servant, and the question of the negligence of a fellow-servant does not arise in the case.

The point most strenuously urged upon our consideration is that the verdict is, as argued, contrary to the law and the evidence of the case, and this brings us to a view of the evidence.

The evidence proves that the deceased was employed in appellants' shop as a machinist's helper; that several emery wheels were in use at the time; the one that broke was used by the men for grinding castings more frequently than others; that Fratcher had used the wheel as the other men had; that on the day of the injury the deceased had been directed to carry water from a faucet, and, to lay the dust, throw it upon the bricks taken from a wall that was then being removed inside the shop, and while passing near the wheel to a water faucet the wheel, while in revolution, burst and killed him. As to the condition of the wheel at the time it burst the evidence is conflicting. The evidence is, we think, satisfactory that a guard or shield would have been unavailing to prevent the wheel from bursting; nor would it have been a protection against injury in consequence of such bursting; a hood also would render the wheel useless for the purposes designed for it. Now, if it be true, as contended, that such wheels when well made and in apparent good order will burst without a known cause or reason, and we are inclined to believe, from the evidence, such accidents may sometimes occur, then the risks of injury from such causes is one of the ordinary hazards assumed by persons engaged in such employment. The case, then, narrows itself to the single question whether the wheel was cracked or defective before and at the time of the injury, and whether appellants had notice of such defect, actual or constructive. Upon this question the evidence is irreconcilably conflicting. If the jury believed the witnesses for the plaintiff, which they doubtless did, the wheel was cracked or defective for a considerable time before the accident, and appellants, through those whose duty it was to examine and repair the wheels, had notice thereof. If the jury believed the witnesses for the appellants the wheel was neither cracked nor defective. The evidence of either side

upon this issue, standing alone in the record, would support a verdict in favor of the side to which it might be returned, and it is a familiar rule, in such state of a case, that an appellate tribunal will not disturb the verdict on the ground that it is not supported by the evidence, in the absence of prejudicial rulings upon the evidence, or instructions to the jury, and we have already seen there are none of these present in the case. We are also of the opinion the evidence is satisfactory that the deceased was in the exercise of due care for his own safety. We are therefore disposed to accept the verdict of the jury as decisive of the issues of fact, and finding no errors in the record the judgment of the Circuit Court will be affirmed.